UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON CHAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WEST ANNS CALIFORNIA PENAL CODE BOOK,<br><br>　　　　Defendant. | Case No. 23-cv-06630-PCP<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 4 |

　　Plaintiff Simon Chan, an inmate at the Maple Street Correctional Center in Redwood City, California, filed the instant action as a civil rights complaint. *See* Dkt. No. 1 ("Complaint").

　　The instant action must be dismissed because it either is the wrong procedural vehicle or is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or *Younger v. Harris*, 401 U.S. 37 (1971). Dismissal is without prejudice so that Mr. Chan may vindicate his rights at a future date or via a habeas petition, if appropriate.

**I.    BACKGROUND**

　　Although Mr. Chan named West Publishing Company as a defendant, *see* Compl. at 1, his Complaint centers on an alleged failure to respect his *Miranda* rights, *see id*. at 3. As relief, Mr. Chan asks the Court to rule that his *Miranda* rights were violated. *See id*. Although Mr. Chan does not clearly state the relief sought, *see generally* Compl. & Dkt. No. 8, his request for this Court to rule on his *Miranda* claim suggests that he intends to seek release.

　　Mr. Chan subsequently filed with the Court a copy of a state-court habeas petition, listing four state criminal proceedings he intended to challenge. *See* Dkt. No. 8, at 2. The state-court petition asks the San Mateo County Superior Court to hold that his *Miranda* rights were violated.

*See id*. at 3. Mr. Chan states in the state-court habeas petition that he represented himself in the challenged proceeding. *See* Dkt. No. 8 at 6. In his sole ongoing state criminal proceeding, however, he is represented by counsel. Because the state-court habeas petition and the instant federal Complaint both challenge an alleged *Miranda* violation, and the state-court habeas petition challenges a closed proceeding, it appears that in the instant federal civil rights action Mr. Chan intends to challenge one of his concluded criminal proceedings.

The Court reviewed Mr. Chan's litigation history in San Mateo County Court.[1] It appears Mr. Chan has been a defendant in seven criminal cases. One is ongoing and the other six were resolved against him. *See* Case No. 22-SM-008782-A (active criminal action) (San Mateo Cty. Super. Ct. filed July 14, 2022); *see also* Case Nos. 23-NF-001681-A, 22-NM-008495-A, 21-NF-009535-A, 20-NM-007132-A, 20-NM-002474-A, 19-NM-014783-A (San Mateo Cty. Super. Ct.) (resolved adversely to Mr. Chan via a guilty plea or a plea of nolo contendere). The Court also searched the dockets of the First District Court of Appeal and the California Supreme Court. Mr. Chan has not appealed any criminal case to either court. *See* "Chan, Simon," Appellate Courts Case Information: Search, https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (last visited September 19, 2024).

## II.   ANALYSIS

### A.   LEGAL STANDARD

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*

---

[1] The Court properly may consider the state court records. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that federal courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citation and quotation marks omitted). Court orders and other court documents are proper subjects of judicial notice, *see id*., as are records of court proceedings, *see Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). A court "may take judicial notice on its own" or after a party requests that it do so. Fed. R. Evid. 201(c).

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. RELEASE

If Mr. Chan asks this Court to grant him release following a conviction, then this action is the wrong procedural vehicle. Mr. Chan must seek release via a habeas action. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Habeas is the 'exclusive remedy' ... for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011).

A district court is not permitted to convert a civil rights action to a habeas petition. Rather, the Ninth Circuit has instructed that a civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Thus, the Court must dismiss any request for release.[2]

### C. ABSTENTION

As noted above, the copy of Mr. Chan's state-court habeas petition suggests he intends to challenge a concluded criminal proceeding in this federal civil rights action. Such a challenge is barred by *Heck v. Humphrey*. Even if Mr. Chan intends to challenge an ongoing criminal proceeding, this would be barred by *Younger v. Harris*.

#### 1. *Heck v. Humphrey*

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

---

[2] Although the Court must dismiss any request for release, this dismissal is without prejudice to Mr. Chan filing a federal petition for writ of habeas corpus asserting his claims after he exhausts any direct appeal of his conviction. Because there is a one-year statute of limitations for the filing of a federal petition for writ of habeas corpus, *see* 28 U.S.C. § 2244(d), Mr. Chan is cautioned to act swiftly to return to federal court with his new petition for writ of habeas corpus when he has completed state proceedings.

3

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486–487 (announcing this rule). Mr. Chan's claim is inextricably intertwined with the validity of any conviction. Success on Mr. Chan's claim would imply that his conviction was invalid; therefore, *Heck* requires that his action be dismissed. *Id.* at 487. *See also Trimble*, 49 F.3d at 585 (holding plaintiff's damages suit over *Miranda* violation was *Heck*-barred where conviction had not been vacated).

### 2. *Younger v. Harris*

If Mr. Chan intends to challenge his ongoing criminal proceeding, *Younger* requires the Court to abstain from considering Mr. Chan's claim.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger*, 401 U.S. at 43–54. The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). The Ninth Circuit also has required *Younger* abstention where "the retrial of [the petitioner's sentence] is proceeding in the state court," although the guilt phase has concluded. *Edelbacher v. Calderon*, 160 F.3d 582, 583–84, 585 (9th Cir. 1998). Absent extraordinary circumstances, abstention under the *Younger* principle is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

Here, if Mr. Chan intends to attack his ongoing state criminal proceedings, all the *Younger* criteria are satisfied. First, state proceedings appear to be pending. *See supra*. Second, state criminal proceedings involve important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45) ("This Court has recognized that the States' interest in

administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, Mr. Chan is not barred from litigating his federal constitutional issues in state court. Indeed, the state court records indicate that Mr. Jones is represented by defense counsel who can raise this issue. Fourth, the instant federal action threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal court oversight into an ongoing state criminal proceeding. Mr. Chan's *Miranda* rights are inextricably intertwined with the validity of any future criminal conviction, and the Court cannot consider the propriety of the requested relief without interfering with state proceedings. *See, e.g.*, *Floyd v. San Jose Police Dep't*, No. 22-CV-00751-WHO, 2022 WL 2915704, at *3–4 (N.D. Cal. July 25, 2022) (holding that *Younger* abstention was required where a prisoner complained of *Miranda* violations), *aff'd*, No. 22-16243, 2023 WL 4743272 (9th Cir. July 25, 2023); *Lacy v. Miyamoto*, No. 20-CV-03036-HSG, 2021 WL 23300, at *3 (N.D. Cal. Jan. 4, 2021) (same).

Accordingly, if Mr. Chan intended to challenge *Miranda* violations connected to his ongoing criminal case, abstention is appropriate here.

### D. FUTILITY OF AMENDMENT

The Complaint's defects cannot be cured on amendment. Amendment would not change the fact that release must be sought in a federal habeas action. Likewise, whether this action is barred by *Heck* or *Younger* depends upon external circumstances and cannot be cured by amendment. The Court therefore concludes that amendment would be futile and dismisses this action without leave to amend. Dismissal, however, is without prejudice to Mr. Chan seeking release via a separate habeas action after state proceedings have concluded or seeking damages for his unlawful incarceration if his conviction later is invalidated.

## III. CONCLUSION

This action is dismissed for failure to state a claim upon which relief may be granted. Because amendment would be futile, dismissal is without leave to amend. Dismissal is without prejudice to pursuing claims for injunctive relief after all state proceedings have concluded and without prejudice to pursuing claims for damages if any related conviction is invalidated.

Although it is incomplete, Mr. Chan's *in forma pauperis* application is GRANTED. Dkt. No. 4. The initial partial filing fee is $0.01. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Chan and the institution's trust account office.

The Court certifies that any appeal of this order is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: September 23, 2024

P. Casey Pitts
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE**

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due **within thirty days** of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:       Plaintiff/Petitioner